Floyd W. Bybee, #012651
**Law Office of**
**Floyd W. Bybee, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Maynard A. Engle,** an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Redline Recovery Services, LLC,** a Georgia limited liability company; | |
| Defendant. | (Jury Trial Demanded) |

Plaintiff alleges as follows:

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and

costs.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. Jurisdiction

8. Jurisdiction of the Court over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV. Parties

9. Plaintiff is an individual residing in Maricopa County, Arizona.
10. Plaintiff was allegedly obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
12. Defendant Redline Recovery Services, LLC (hereinafter "Redline") is an Georgia limited liability company doing business within the State of Arizona at its primary business address of 2338 W. Royal Palm, Rd. Suite J, Phoenix, Arizona.
13. Redline is licensed by the Arizona Department of Financial Institutions as a collection agency, license number 0905687.
14. Redline regularly collects or attempts to collect debts owed or asserted to be owed or due another.
15. Redline regularly collects or attempts to collect debts which it has purchased after default.
16. Redline is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### V. Factual Allegations

17. Several years ago, Plaintiff incurred a debt for personal, family, and household purposes which ultimately went into default.
18. This debt was subsequently assigned or sold to Redline for collection purposes.

19. In or about June or July 2008, Redline's collectors began calling Plaintiff's employer's phone number and leaving messages with the secretary for Plaintiff to call stating "He will know what it is about."

20. On July 18, 2008, at about 10:51 a.m., Redline's collector called Plaintiff's employer and left a message with the secretary asking that Plaintiff return a call to Ms. Lathan at 1-866-281-5230 extension 4155. She also stated that "he will know what it is regarding."

21. Plaintiff received a handwritten message from his employer concerning this call.

22. On July 28, 2008, at about 10:37 a.m., Redline's collector called Plaintiff's employer and left a message with the secretary. During this call, the collector identified himself as Joe Henderson with Redline Recovery, and when asked what the call was about, stated that he represents clients and that he could not give any more information because he "can't break federal law."

23. Plaintiff received a handwritten message from his employer concerning this call.

24. Since June or July 2008, Redline has called Plaintiff's employer no fewer than seven (7) times, and left messages for him to call.

25. The messages left by Redline were "communications" as that term is used in the FDCPA.

26. In the messages left by Redline for Plaintiff, Redline failed to state that the communication was from a debt collector, and therefore violated the FDCPA § 1692e(11). *See* Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643 (2006); and Leyse v. Corporate Collection Services, Inc., 2006 WL 2708451 (SDNY Sept. 18, 2006).

27. During this time, it was the regular practice of Redline in connection with the collection of debts, to communicate with consumers by leaving messages with third parties without disclosing that the communication was from a debt collector.

28. During most of these calls to Plaintiff, Redline failed to give meaningful disclosure of the caller's identity in violation of FDCPA § 1692d(6).

29. Plaintiff was very embarrassed and angry that Redline would continue to call him at work and leave messages with his co-workers.

30. As a result of Defendant's actions as outlined above, Plaintiff has suffered damages including, but not limited to, embarrassment and anger, and other emotional distress.

31. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

32. In the alternative, Defendant's actions were negligent.

## VI. Causes of Action

### a. Fair Debt Collection Practices Act

33. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

34. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(6), 1692e, 1692e(11), and 1692g.

35. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VII. Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

**VIII.  Prayer for Relief**

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to §1692k;

b) Actual damages in an amount to be determined by trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

DATED   December 10, 2008  .


       s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**Law Office of**
**Floyd W. Bybee, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff